**Frank BOZICK, Petitioner,**

v.

**CONSOLIDATION COAL COMPANY, Respondent,**

**Director, Office Workers' Compensation Programs, Party In Interest.**

**No. 83–3275.**

United States Court of Appeals, Sixth Circuit.

Argued March 12, 1984.

Decided April 16, 1984.

Daniel L. Manring (argued), Barkan & Neff Co., Columbus, Ohio, for petitioner.

Office of the Solicitor, J. Michael O'Neill, Roger M. Siegel, U.S. Dept. of Labor, Washington, D.C., for party in interest.

Douglas A. Smoot (argued), Charleston, W.Va., for respondent Consolidation Coal Co.

Before MERRITT and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

MERRITT, Circuit Judge.

In this black lung case, the issue on appeal is whether the Benefits Review Board erred by ruling that although the Administrative Law Judge improperly failed to invoke the interim presumption of entitlement adopted by the Department of Labor at 20 C.F.R. § 727.203(a)(4), a presumption based on the Black Lung Benefits Reform Act of 1977 incorporating § 921(c) of Title 30, no remand was necessary because the ALJ had made factual findings substantial enough to rebut the presumption. We reverse and remand for the award of benefits.

20 C.F.R. § 727.203 provides:

(a) *Establishing interim presumption.* A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis ... if one of the following medical requirements is met:

. . . .

(4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment. . . .

In *Stiner v. Bethlehem Mines Corp.*, 3 BLR 1–193, 1–196 (1981), the Board, interpreting this presumption, held that a "single reasoned medical opinion which establishes a totally disabling respiratory or pulmonary impairment constitutes a *prima facie* case entitling claimant to invocation of the Section 727.03 presumption pursuant to subsection (a)(4)." In the instant case, petitioner Frank Bozick presented to the ALJ the medical opinion of Dr. Don Daneshvari who had found the petitioner totally disabled by pneumoconiosis, chronic obstructive pulmonary disease, and fine pulmonary interstitial fibrosis. Dr. Daneshvari based his diagnoses on the petitioner's work history, chest X-ray, and blood gas and ventilatory studies. We thus agree with the Board that, as *Stiner* directed, the ALJ should have invoked the interim presumption at 20 C.F.R. § 727.203(a)(4) on

the basis of Dr. Daneshvari's medical opinion and that the ALJ erred in failing to do so.

■ In full agreement with Administrative Appeals Judge Miller's dissent to the majority of the Board's decision below, we find that the Board's decision to uphold the ALJ's ultimate findings anyway relied on a misinterpretation of this Court's decision in *Quillen v. Bethlehem Steel Corp.*, 708 F.2d 727 (6th Cir.1982). In *Quillen,* we held that "the Board exceeded its authority by finding that if the interim presumption had been invoked, it would, nevertheless, have been rebutted." As this Court explained in *Quillen* in language applying with equal force to the instant case, "[the Board's] determination constituted an independent finding of fact by the Board and the case law clearly acknowledges that the invocation of the presumption and [initial] consideration of rebuttal evidence is clearly the responsibility of the [ALJ]."

Judge Miller persuasively demonstrates in his dissent that a review of the record in the instant case reveals no evidence which could support rebuttal of the interim presumption. We note that 20 C.F.R. § 727.-203(b)(1) is not applicable here because the petitioner is not working; 20 C.F.R. § 727.-203(b)(3) does not apply because no other doctor has attributed petitioner's disability to a cause other than coal mine employment; and two doctors determined petitioner suffered from pneumoconiosis as it is defined in the Act and the regulations. 30 U.S.C. § 902(b); 20 C.F.R. § 727.202.

Both the ALJ and the Board relied on the medical opinion of Dr. Anderson in reaching their respective decisions denying benefits to the petitioner. But this report cannot rebut the presumption. Dr. Anderson based his conclusion of "no respiratory impairment" explicitly on the results of pulmonary function studies which were interpreted as "revealing no impairment." In *Smith v. Califano*, 682 F.2d 583, 587 (6th Cir.1982), however, this Court held that "[a] finding of disability [under 20 C.F.R. § 410.426(d) ] cannot be denied on the basis of a normal ventilatory test, for to do so

would defeat the purpose of this alternative method of proving disability .... Neither ... negative X-rays nor ventilatory function study values may be relied on to rebut the presumption." Since, as Judge Miller observed, there is no evidence in the record which can rebut the interim presumption of entitlement at 20 C.F.R. § 727.203(a), we reverse the Board's decision and remand the case to the ALJ for the award of benefits.